SULEIMAN QAZZA
JORDAN-AMMAN
P.O.BOX 941885
AMMAN-11194
PRO SE



FILED
CLERK, U.S. DISTRICT COURT

JUN 29 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV18-5747-DSF (E)

SULEIMAN QAZZA

Fiel:A044-172-718

PLAINTIFF,

VS.

COMPLAINT ICE/DHS agent Don't Complied With Immigration Court Order

Agent ICE Arturo Trevino

Los Angeles Outreach Field

Office ICE

RECEIVED
6-25-18
CJ

DEFENDANTS'

FACTUAL ALLEGATION

This is an action for damages Sustained by Suleiman .A.qazza against ICE/DHS in Los Angeles California

- 1

Suleiman Qazza Had been Deported from US since 6/22/2006 basis the result of a decision Board of immigration appeal On august 8, 2005 alleged the Government served the plaintiff had been Convicted On 12/8/1994 in California superior Court assault my brother See Exhibit "A", In Jan 2012 I Field A Motion to Reopen to Board of immigration appeal basis of a subsequent change in law. **See Judulang v.Holder,132 S.Ct.476(2011)** On May 27,2014 The Board of immigration Appeals Granted the motion and remanded to immigrating Judge for full evidentiary hearing, the Department of Homeland Security has not responded to this motion See Exhibit "B", On April 1,2015 the immigration court in Los Angeles sent plaintiff a notice of hearing scheduled for July 28 , 2015 , when the plaintiff failed to appear for his scheduled hearing ,the plaintiff missed his hearing on July 28.2015 because he was unable to obtain a visa to reenter united states Due to my departure On 6/22/2006 American consul of Embassy Jordan-Amman does not have jurisdiction of my case See Exhibit "C".

On 10/15/2015 immigration court in los Angeles enter order to DHS provide an advance parole Document, a visa or some other arrangement to allow plaintiff to enter the United states See Exhibit "D" and court scheduled my hearing again On March 15,2016 again On 2/17/2016 tried to apply for a visa and I contacted to DHS here in Jordan in American Embassy was denied a visa again

On March 15, 2016 immigration court Ordered that the case be administratively closed for the reason DHS has not Complied with court order and the respondent has not paroled or allowed to enter US and case will be Reculendared and this case remains under jurisdiction of immigration court See Exhibit "E",. In December 2017 I field a motion to Recalendar to immigration court in Los Angeles California The Court Scheduled On June 19, 2018. in January 2018 I sent E Mail to ECCO Enforcement and Removal Operation (ERO) Custody programs Division with my Request facilitating to return to US to attending my hearing on June 19, 2018 On May 31, 2018 ICE agent from outreach field office Los Angeles California Mr. Trevino Arturo respond Denied my Request to parole me Back into the united states basis in my recent a motion to reculendared not fall within ICE Directive 1106.1 Exhibit "F"

On April 1, 2014 the plaintiff field Form I-601 Application for Waiver of Ground of Inadmissibility with USCIS Nebraska Service Center, On January 15,2015 after review of service record it been determined that I am currently in proceeding with the immigration court and USCIS does not have jurisdiction of my Application. See Exhibit "G"

**JURISDICTION**

- 3

This action is Brought to 42 U.S.C /1983 and 1988 and the first, fourth, fifth, eight and fourteenth amendments to Constitutions of the United States. The jurisdiction of this Court is predicated on 28 U.S.C /1343/ (3) and (4) 1331.

## CLAIMS FOR RELIEF

1. ICE/DHS don't comply with court order to obtained parole me back into United States.
2. ICE agent he indicating my recent a motion to reculendared not fall within ICE Directive 1106.1
3. USCIS and American Consular in American Embassy in Jordan-Amman they don't have jurisdiction over my case.
4. ICE/DHS have jurisdiction to facilitation my return to US According to Directive 11061.1 for in proceeding with the immigration court and Board of immigration review (BIA) granted my relief.

## ARGUMENT

11061.1: Facilitating the Return to the United States of Certain Lawfully Removed Aliens

ICE Directive 1106.1 states: Absent extraordinary circumstances, if an alien who prevails before the U.S.

- 4

Supreme Court or a U.S. court of appeals was removed while his or her PFR was pending, ICE will facilitate the alien's return to the United States if either the court's decision restores the alien to lawful permanent resident (LPR) status, or the alien's presence is necessary for continued administrative removal proceedings. ICE will regard the returned alien as having reverted to the immigration status he or she held, if any, prior to the entry of the removal order and may detain the alien upon his or her return to the United States. If the presence of an alien who prevails on his or her PFR is not necessary to resolve the administrative proceedings, ICE will not facilitate the alien's return. However, if, following remand by the court to the Executive Office for Immigration Review (EOIR), an alien whose PFR was granted and who was not returned to the United States is granted relief by EOIR or the Department of Homeland Security (DHS) allowing him or her to reside in the United States lawfully, ICE will facilitate the alien's return to the United States.

Accordingly the ICE/DHS agnates most be execution court order to provide me parole Document to enter US to attending an evidentiary hearing regarding relief under former section 212© as the plaintiff he is eligible for this relief Since Change in law

in 2011 I have been tried with DHS and ICE and USCIS 4 years ago the result is nothing.
The agent/ICE Trevino Arturo he indicating by Email I am Not fall within ICE Directive 1106.1 But policy of Directive indicating If Court granted my case ICE most Facilitating return for Lawfully Removed Alien As I am Eligible as Board of immigration appeals remanded my case to immigration court On the Basis of a subsequent change in law See Judulang v.Holder ,132 S.Ct. 476(2011)

## Conclusion

The plaintiff Linked with his Family live in United States.

The plaintiff fall with Within Facilitating return to the United States, The Conditions for Facilitation the return to United States apply to my Case As EOIR granted relief, my presence is necessary for continued administrative removal proceeding.

The plaintiff respectfully Request this court agents 'ICE/DHS to facilitate my return to United States.

6/7/2018

Plaintiff

Suleiman.A.Qazza

- 6

Exhibit A



☜ **ORIGINAL**

## VIP LEGAL SERVICES
### NOTARY PUBLIC, TRANSLATION
خدمات الهجرة والجنسية

631 S. Brookhurst St. # 206 Anaheim, CA 92804          Phone:714-774 8723 Fax: 714-774 8724
Email: viplegal@sbcglobal.net

To Whom It May Concern:

Anaheim, 05/10/2003

I, the undersigned , Mahmoud Alkhatib, the older brother of Suleiman Qazza, declare that on May 27, 1994, my brother and I had a  misunderstanding which ended in a quarrel. At the time, I dropped the charges against my brother because his assault on me was unintentional and I felt that our family ties were more important than pursuing further problems. Since this incident I had no further problems with Suleiman.

The case No. 94NF1307 filed on 12/08/1994, and I dropped all charges against my brother. I also wrote a letter to the District Attorney stating that I had no interest in pursuing the case, In Good Faith, that my brother and I could build a better relationship.

It is my hope that my brother will gain his release to care for his four children and wife, also for my sick mother's sake and that she will have peace of mind and to reunite our family again.

Sincerely
Mahmoud Alkhatib

P.O.Box 311
Stanton, Ca 90680
(PH) (714) 994 6646

---

### STATE OF CALIFORNIA
### COUNTY OF ORANGE

On this day 05/10/2003, before me, a notary public in and for said county and state, residing therein, duly commissioned and sworn, personally appeared Mr.Mahmoud Alkhatib, personally known to me to be the person whose name is subscribed to the foregoing declaration,  and acknowledged to me that such person executed the same.

WITNESS my hand and official seal.

RAY S. SAIED
Comm. # 1357991
NOTARY PUBLIC - CALIFORNIA
Orange County
My Comm. Expires May 24, 2006

000095

Exhibit B

U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 20530

QAZZA, SULEIMAN ABED MAGED
P.O. Box 941885
Amman-11194, Jordan

DHS/ICE Office of Chief Counsel - LOS
606 S. Olive Street, 8th Floor
Los Angeles, CA 90014

Name: QAZZA, SULEIMAN ABED MAGED        A 044-172-718

Date of this notice: 5/27/2014

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Holmes, David B.

williame
Userteam: Docket

000045

Executive Office for Imm.‾ation Review

Falls Church, Virginia 20530

File: A044 172 718 – Los Angeles, CA                     Date:

MAY 2 7 2014

In re: SULEIMAN ABED MAGED QAZZA a.k.a. Suleiman Abd Qazza

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

APPLICATION: Reopening

ORDER: ·

 The respondent has filed a motion to reopen his removal proceedings, requesting additional consideration of his application for a waiver of inadmissibility on the basis of a subsequent change in law. *See Judulang v. Holder*, 132 S.Ct. 476 (2011). The Department of Homeland Security has not responded to this motion. Given the particular circumstances present in this case, we will reopen and remand for a full hearing on the respondent's application. On remand, the Immigration Judge should hold a full evidentiary hearing and issue a new decision including a ruling as to whether the respondent merits relief in the exercise of discretion. In reopening and remanding, we intimate no opinion regarding the outcome of the respondent's application. Accordingly, the motion to reopen is hereby granted.

 FURTHER ORDER: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

_____
FOR THE BOARD

000046

Exhibit C

Embassy of the United States of America
Immigrant Visa Unit
Amman, Jordan

Date: 2/17/16  Name: Qazza, Sleiman  Case Number/رقم المعاملة: _____

Dear Visa Applicant:

We regret to inform you that we are unable to issue a visa to you because you have been found ineligible to receive a visa under the following section(s) of the Immigration and Nationality Act. The information contained in the paragraphs marked with "X" pertains to your visa application. Please disregard the unmarked paragraphs.

نأسف لإعلامك أنه ليس بإمكاننا أن نصدر لك تأشيرة الهجرة حاليا حيث أنك وجدت غير مؤهل تحت البند/البنود التالية من قانون الهجرة والجنسية. إن المعلومات في الفقرة/الفقرات المشار عليها بالعلامة (X) تتعلق بطلبك لتأشيرة الهجرة. الرجاء تجاهل الفقرة/الفقرات غير المؤشر عليها بالعلامة (X).

[X] Section 212(a)(2)(A)(i)(I) Crime Involving Moral Turpitude, you are therefore permanently inadmissible to the United States.

☐ Section 212(a)(6)(C)(i) As a result of your previous misrepresentation, you are therefore permanently inadmissible to the United States.

☐ Section 212(a)(9)(A)(i)(II) As a result of your deportation, you are inadmissible to the U.S. until _____.

☐ Section 212(a)(9)(B)(i)(1) Unlawful presence more than 180 days and less than 1 year. You are therefore inadmissible to the U.S. until _____.

☐ Section 212(a)(9)(B)(i)(II) Unlawful presence in the U.S. for a period greater than one year. You are therefore inadmissible to the U.S. until _____.

☐ _____
   _____

☐ _____
   _____

Waiver Eligibility:

☐ You are eligible to apply for a waiver of the ground(s) of ineligibility, for more information visit www.USCIS.gov.

☐ You are not eligible to apply for a waiver.

If you have any questions or need to contact the immigrant visa unit, please e-mail support-Jordan@ustraveldocs.com Kindly include your name (as it appears on your passport) and your case number. In order to get an update on your case, you may check the following website: https://ceac.state.gov/ لمعرفة الوضع العلي للمعاملة الخاصة بك الرجاء زيارة الموقع التالي:

000008



Embassy of the United States of America
Immigrant Visa Unit
Amman, Jordan

Date: 5/10/2015    Name: Suleiman Qazz    Case Number/رقم المعاملة: AA0044Z G2E

Dear Visa Applicant:

We regret to inform you that we are unable to issue a visa to you because you have been found ineligible to receive a visa under the following section(s) of the Immigration and Nationality Act. The information contained in the paragraphs marked with "X" pertains to your visa application. Please disregard the unmarked paragraphs.

نأسف لإعلامك أنه ليس بإمكاننا أن نصدر لك تأشيرة الهجرة حالياً حيث أنك وجدت غير مؤهل تحت البند/البنود التالية من قانون الهجرة والجنسية. إن المعلومات في الفقرة/الفقرات المشار عليها بالعلامة (X) تتعلق بطلبك لتأشيرة الهجرة. الرجاء تجاهل الفقرة/الفقرات غير المؤشر عليها بالعلامة (X).

☒ Section 212(a)(2)(A)(i)(I) Crime Involving Moral Turpitude, you are therefore permanently inadmissible to the United States.

☐ Section 212(a)(6)(C)(i) As a result of your previous misrepresentation, you are therefore permanently inadmissible to the United States.

☒ Section 212(a)(9)(A)(i)(II) As a result of your deportation, you are inadmissible to the U.S. until 2016 .

☐ Section 212(a)(9)(B)(i)(1) Unlawful presence more than 180 days and less than 1 year. You are therefore inadmissible to the U.S. until _____ .

☐ Section 212(a)(9)(B)(i)(II) Unlawful presence in the U.S. for a period greater than one year. You are therefore inadmissible to the U.S. until _____ .

☐ _____

☐ _____

Waiver Eligibility:

SERVED ON THE DEPARTMENT OF HOMELAND SECURITY

☐ You are eligible to apply for a waiver of the ground(s) of ineligibility, for more information visit www.USCIS.gov.

☐ You are not eligible to apply for a waiver.

If you have any questions or need to contact the immigrant visa unit, please e-mail support-Jordan@ustraveldocs.com Kindly include your name (as it appears on your passport) and your case number. In order to get an update on your case, you may check the following website: لمعرفة الوضع الحالي للمعاملة الخاصة بك، الرجاء زيارة الموقع التالي: https://ceac.state.gov/

000034

Exhibit D

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA    90014

RE:   QAZZA, SULEIMAN ABED MAGED
FILE:  A044-172-718

DATE: Oct 26, 2015

TO:

QAZZA, SULEIMAN ABED MAGED
P.O. BOX 941885
11194 AMMAN JORDAN

Please take notice that the above captioned case has been scheduled for a
MASTER hearing before the Immigration Court on Mar 15, 2016 at 09:00 A.M. at:

606 SOUTH OLIVE ST. 16th FLOOR, COURTROOM K
LOS ANGELES, CA   90014

You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:  (1) You may be taken into
custody by the Department of Homeland Security and held for further
action. OR (2) Your hearing may be held in your absence under section 240(b)(5)
of the Immigration and Nationality Act.  An order of removal will be entered
against you if the Department of Homeland Security established by
clear, unequivocal and convincing evidence that a) you or your attorney has
been provided this notice and b) you are removable.
IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT
CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION
COURT LOS ANGELES, CA  THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
A list of free legal service providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
or 240-314-1500. For information on Immigration Court procedures, please
consult the Immigration Court Practice Manual, available at www.usdoj.gov/eoir.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP   [✓] DHS
DATE: 10/26/15            BY: COURT STAFF _____      V3
Attachments: [ ] EOIR-33  [ ] EOIR-28  [✓] Legal Services List  [ ] Other

000027

⊖                                      ◯

### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT
### LOS ANGELES, CALIFORNIA

File No.:          **A 044 172 718**                    )
                                                        )
In the Matter of:                                       )
                                                        )
                   **QAZZA,**                           )
                   **Suleiman Abed Maged,**             )   **IN REMOVAL PROCEEDINGS**
                                                        )
Respondent                                              )

**CHARGE:**        Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA)—
                   *conviction of aggravated felony.*

**APPLICATION:**   Respondent's Motion to Reopen

**ON BEHALF OF RESPONDENT:**              **ON BEHALF OF THE GOVERNMENT:**
Pro Se                                    Assistant Chief Counsel
P.O. Box 941885                           U.S. Department of Homeland Security
11194 Amman                               606 South Olive Street, Eighth Floor
Jordan                                    Los Angeles, California 90014

## DECISION AND ORDERS OF THE IMMIGRATION JUDGE

### I. Procedural History

Suleiman Abed Maged Qazza (Respondent) is a native and citizen of Jordan. On January 27, 1998, the Government served Respondent with a Notice to Appear (NTA). Therein, the Government alleged that Respondent had been convicted in the California Superior Court for Orange County of assault with a deadly weapon in violation of California Penal Code section 245(a)(1). Accordingly, the Government charged Respondent as removable under INA section 237(a)(2)(A)(iii). Jurisdiction vested and deportation proceedings commenced on January 30, 1998, when the Government filed the NTA with the Court. *See* 8 C.F.R. § 3.14(a) (1998).

On March 2, 1999, this Court ordered Respondent removed to Jordan. On April 17, 2002, the Board of Immigration Appeals (the Board) affirmed this Court's decision. Respondent then moved the Board to reopen his removal proceedings so that he may pursue relief under former section 212(c) of the INA. The Board initially denied the motion, but then granted reopening on May 27, 2014, and remanded to this Court for an evidentiary hearing in light of *Judulang v. Holder*, 132 S. Ct. 476 (2011).

On April 1, 2015, this Court sent Respondent a notice of a hearing scheduled for July 28, 2015. When Respondent failed to appear for his scheduled hearing, the Court proceeded

1

000029

in absentia. The Court found that Respondent had earlier admitted the factual allegations in the NTA, conceded removability, and departed the United States and that his failure to appear at the hearing constituted an abandonment of any applications for relief from removal. Accordingly, the Court ordered Respondent removed to Jordan.

The following month, on August 20, 2015, Respondent filed the pending motion to reopen. He asserts that he lives in Jordan and that he missed his hearing on July 28, 2015, because he was unable to obtain a visa to reenter the United States. *See* Mot. to Reopen at 2. In support he attached a document from the United States Embassy in Amman, Jordan, showing that the embassy had denied his request for a visa on May 10, 2015.

For the following reasons, the Court **GRANTS** Respondent's motion to reopen.

## II. Law and Analysis

As an initial matter, the Ninth Circuit's recent holding in *Toor v. Lynch*, 789 F.3d 1055, 1060–64 (9th Cir. 2015), makes clear that Respondent's departure from the United States does not bar him from seeking reopening or this Court from granting his motion to reopen. Respondent has sufficiently explained that he failed to appear at his hearing because he was unable to reenter the United States. *See* INA § 240(b)(5)(C)(i), (e)(1); 8 C.F.R. § 1003.23(b)(4)(ii). Because the Board has remanded this case for an evidentiary hearing regarding Respondent's eligibility for 212(c) relief, Respondent must be permitted to enter the United States to attend his hearing.

Accordingly, the Court enters the following orders:

## ORDERS

**IT IS HEREBY ORDERED** that Respondent's motion to reopen be **GRANTED.**

**IT IS FURTHER ORDERED** that the Department of Homeland Security provide Respondent an Advance Parole Document, a visa, or some other arrangements to allow Respondent to enter the United States for the purpose of attending an evidentiary hearing regarding relief under former section 212(c).

DATE: 10/15/15

D. D. Sitgraves
**Immigration Judge**

---

**CERTIFICATE OF SERVICE**
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO:( ) ALIEN ( ) ALIEN c/o Custodial Officer ( ) Alien's ATT/REP ( ) DHS
DATE: 10/21/2015   BY: COURT STAFF   M. Molly
Attachments: ( ) EOIR-33 ( ) EOIR-28 ( ) Legal Services List ( ) Other

2

Exhibit E

DDS

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA   90014

QAZZA, SULEIMAN ABED MAGED
SEE REMARKS IN COMMENT
OUT OF COUNTRY
JORDAN,

IN THE MATTER OF            FILE A 044-172-718      DATE: Mar 15, 2016
QAZZA, SULEIMAN ABED MAGED

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.   THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                       OFFICE OF THE CLERK
                       5107 Leesburg Pike, Suite 2000
                       FALLS CHURCH, VA   22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.   IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                       IMMIGRATION COURT
                       606 SOUTH OLIVE ST.
                       LOS ANGELES, CA   90014

X OTHER: See attached order dated 3/15/16

                                   DL.
                       _____
                       COURT CLERK
                       IMMIGRATION COURT                FF

CC:

000001

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA 90014

In the Matter of: **QAZZA, SULEIMAN ABED MAGED**    Case No. 044-172-718

IN REMOVAL PROCEEDINGS

**ORDER OF THE IMMIGRATION JUDGE**

It is HEREBY ORDERED that the case be administratively closed for the following reason:

( ) Upon joint request by both parties.

( ) Other: _DHS has not complied with this Court's order dated 10/15/15 and respondent has not been paroled or allowed to re-enter the United States for his 212(c) hearing. When he is in the U.S. this case will be calendared for his 212(c) hearing_

This case remains under the jurisdiction and docket control of the immigration court. If either party in this case desires further action on this matter, at any time hereafter, a written motion to recalendar the case (including a certificate of service on the opposing party) must be filed with the Office of the Immigration Court having administrative control over the Record of Proceeding in this case.

Date: March 15, 2016

D.D. SITGRAVES
Immigration Judge

Appeal: No Appeal (A/I/B)
Appeal Due By:

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO: [X] ALIEN  [ ] ALIEN c/o CUSTODIAL OFFICER  [ ] Alien's ATT/REP  [X] DHS

DATE: March 15, 2016    BY: COURT STAFF _____

8T

000002

Exhibit G

January 15, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



U.S. Citizenship
and Immigration
Services

SULEIMAN ABED QAZZA
PO BOX 941885
AMMAN, 11194
JORDAN



LIN1490519318



A044-172-718

RE: I-601, Application for Waiver of Grounds of Inadmissibility

## REFUND LETTER

On April 1, 2014, you filed Form I-601, Application for Waiver of Grounds of Inadmissibility with the Nebraska Service Center. After review of Service records it has been determined that you are currently in proceedings with the Immigration Court and therefore the Nebraska Service Center does not have jurisdiction of your Form I-601, Application for Waiver of Grounds of Inadmissibility. The Nebraska Service Center is refunding your fee and we are administratatively closing this application. We are providing instructions for submitting certain applications in Immigration Court. Please review the enclosed instructions for filing with the Immigration Court.

Sincerely,

Mark J. Hazuda
Director
Officer: EX0801

Enclosure:
Instructions for filing with the Immigration Court

Exhibit F

Find messages, documents, photos or people    ⌄

Compose    ← Back   ↩   ↪   ➡   📁 Archive   ↗ Move   🗑 Delete   🛡 Spam   •••   ⌄   ▲   ▼   ⟩   ☺   ▥   🗐   🗒   ⚙

| **Inbox** | | RE: parole document   3 | Yahoo/Inbox |
|---|---|---|---|

Unread

Starred

Drafts   40

Sent

Archive

Spam

Trash

Less

Views    Hide

🖼 Photos

📄 Documents

✈ Travel

✂ Coupons

🧾 Purchases

❓ Tutorials

Folders    Show

**Suleiman Suleiman**    Dare: Mr ARTURO greeting my case has b    May 30 at 10:50 PM

**Trevino, Arturo** <Arturo.Trevino@ice.dhs.gov>    🖨   May 31 at 3:45 PM
To: Suleiman Suleiman
Cc: Schnitzler, Johanna, Menjivar, Christian G,
Trevino, Arturo

Mr. Qazza,

Regarding the Facilitation of Return Request (FoRR) you filed, Enforcement Removal Operations (ERO), Los Angeles is preparing a formal letter indicating that your request will be denied. Your FoRR does not fall within ICE Directive 1106.1. The fact that your removal was properly executed by the Service, ERO Los Angeles does not have jurisdiction over your request to parole you back into the United States.

ICE Directive 1106.1 states, "Absent extraordinary circumstances, if an alien who prevails before the U.S. Supreme Court or a U.S. court of appeals was removed <u>while his or her PFR was pending</u>, ICE will facilitate the alien's return to the United States if . . . the alien's presence is necessary for continued administrative removal proceedings."

Your removal by ERO was executed after the BIA dismissed your case on August 8, 2005 and the U.S Supreme Court (9th Circuit Court) of appeals had rendered their decision to dismiss your PFR on April 4, 2006. You were then removed lawfully on June 22, 2006, therefore your recent MTR does not fall within the ICE Directive 1106.1 to facilitate your return to the United States.

   ⟩   Show original message

**Suleiman Suleiman** <suleiman.hqhq@yahoo.com>    🖨   📎   May 31 at 8:02 PM
To: Trevino, Arturo

Dear Mr:Trevino

I am sent immigration record to you if you could please review page 45 and 46 Decision of BIA On 5/27/2014
granted a motion to reopening and remanded to immigration court for an evidentiary hearing in light of Judulang v. Holder,132 S,Ct.476(2011)
and immigration Judge Decision On 10/26/2015 regarding relief under former Section 212(c)
Could you please review the record was sent a copy for that Decision to Assistant Chief Counsel at 606 S Olive St Los Angeles California
Thank you for help I have Family lives in US California

Sincerely,

Suleiman Qazza

   ⟩   Show original message



Recored of i... .pdf
17 7MB

 ↩   ↩↩   ➡   •••

🔘 Update time zone

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

11061.1:  Facilitating the Return to the United States of Certain Lawfully
Removed Aliens                                    13862/ 16/2018/52
                                                            2018/06/04

Issue Date:        February 24, 2012
Effective Date:    February 24, 2012
Superseded:        N/A
Federal Enterprise Architecture Number:  306-112-002b

1.  **Purpose/Background.** Under the Immigration and Nationality Act (INA), as amended, aliens who petition the circuit courts of appeals for review of their administrative removal orders may continue to litigate their petitions after their removal from the United States. Absent a court-ordered stay of removal, U.S. Immigration and Customs Enforcement (ICE) may lawfully remove such aliens while their petitions for review (PFRs) are pending. This Directive describes existing ICE policy for facilitating the return to the United States of certain lawfully removed aliens whose PFRs are granted by a U.S. court of appeals or the U.S. Supreme Court. This Directive applies only to supervisors in Enforcement and Removal Operations (ERO), Homeland Security Investigations (HSI), and the Office of the Principal Legal Advisor (OPLA). This Directive does not apply to bargaining unit employees.

2.  **Policy.** Absent extraordinary circumstances, if an alien who prevails before the U.S. Supreme Court or a U.S. court of appeals was removed while his or her PFR was pending, ICE will facilitate the alien's return to the United States if either the court's decision restores the alien to lawful permanent resident (LPR) status, or the alien's presence is necessary for continued administrative removal proceedings. ICE will regard the returned alien as having reverted to the immigration status he or she held, if any, prior to the entry of the removal order and may detain the alien upon his or her return to the United States. If the presence of an alien who prevails on his or her PFR is not necessary to resolve the administrative proceedings, ICE will not facilitate the alien's return. However, if, following remand by the court to the Executive Office for Immigration Review (EOIR), an alien whose PFR was granted and who was not returned to the United States is granted relief by EOIR or the Department of Homeland Security (DHS) allowing him or her to reside in the United States lawfully, ICE will facilitate the alien's return to the United States.

3.  **Definitions.** The following definitions apply for purposes of this Directive only:

3.1.  **Facilitate an Alien's Return.** To engage in activities which allow a lawfully removed alien to travel to the United States (such as by issuing a Boarding Letter to permit commercial air travel) and, if warranted, parole the alien into the United States upon his or her arrival at a U.S. port of entry. Facilitating an alien's return does not necessarily

Facilitating the Return to the United States of Certain Lawfully Removed Aliens

2

include funding the alien's travel via commercial carrier to the United States or making flight arrangements for the alien.

3.2.  **Petition for Review (PFR).**  A request for a U.S. court of appeals to review a removal order entered by ICE or EOIR under 8 U.S.C. § 1252, INA § 242.  The U.S. courts of appeals' PFR decisions are subject to review by the U.S. Supreme Court through a petition for writ of certiorari.

3.3.  **Restore an alien to lawful permanent resident (LPR) status.**  To enter a judicial decision which renders non-final an administrative removal order against an LPR.  *See Matter of Lok*, 18 I&N Dec. 101 (BIA 1981) (holding that an LPR retains such status until the entry of a final administrative order of removal), *aff'd*, 681 F.2d 107 (2d Cir. 1982).  Practically speaking this means that, when a PFR is granted that returns a former LPR to the posture of a pre-order alien, the alien will once again, in contemplation of law, be an LPR even though removal proceedings may still be pending before EOIR on remand from the circuit court.

3.4.  **Stay of Removal.**  An order issued by EOIR or a federal court which prevents ICE from executing a removal order.

4.  **Responsibilities.**

4.1.  ERO, HSI, and OPLA supervisors must fully coordinate at the local, international, and Headquarters levels to effectuate this policy.

5.  **Procedures/Requirements.**  None

6.  **Authorities/References.**

6.1.  INA § 101(a)(20), 8 U.S.C. § 1101(a)(20).

6.2.  INA § 212(d)(5), 8 U.S.C. § 1182(d)(5).

6.3.  INA § 242, 8 U.S.C. § 1252.

6.4.  8 Code of Federal Regulations (CFR) § 212.5.

6.5.  DHS Delegation Number 7030.2, "Delegation of Authority to the Assistant Secretary for the Bureau of Immigration and Customs Enforcement" (November 13, 2004).

6.6.  Memorandum of Agreement (MOA) between United States Citizenship and Immigration Services (USCIS), ICE, and Customs and Border Protection (CBP), "Coordinating the Concurrent Exercise by USCIS, ICE, and CBP, of the Secretary's Parole Authority Under INA § 212(d)(5)(A) with Respect to Certain Aliens Located Outside of the United States" (September 29, 2008).

3

6.7.   MOA between ICE and CBP, "Significant Public Benefit Parole Protocol for U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement for Law Enforcement Purposes" (September 22, 2005).

6.8.   *Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd*, 681 F.2d 107 (2d Cir. 1982).

7.   **Attachments.** None

8.   **No Private Right.** This Directive is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

John Morton
Director
U.S. Immigration and Customs Enforcement

Facilitating the Return to the United States of Certain Lawfully Removed Aliens

## Proof of service by person

I, Suleiman .A.Qazza

I am Over 18 years of age and a party to this action and resident in Jordan-Amman.

My address: JORDAN-AMMAN. P.O.BOX 941885, AMMAN-11194 ON 6/7/ 2018
I served the attached: complaint ICE/DHS agents Don't Compiled immigration court order with Five Exhibits & fee Waiver Request

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelop with postage thereon fully paid, in the Jordanian Mail, the envelope was addressed as follows:

Central US District Court                 Mr. Arturo Trevino/ICE agent
350 W 1st Street Suite 4311               Los Angeles Field office
Los Angeles, CA  90012-2565               300 North Los Angeles St Room 7631
                                          Los Angeles, CA  90012

Assistant Chief Counsel
606 south Olive Street, 8th floor
Los Angeles, CA  90014

I Declare under penalty of perjury under the laws of United States of America that the Foregoing is true and correct.

Executed On: 6 /7 /2018

Declaring Signature

Suleiman.A. Qazza



From: Suleiman. A. Qazza
Jordan - Amman
P.O. Box 94/885
Amman - 11194

جلالة الاردنية الهاشمية

to: U.S.A

Central. U.S. District Court
350 W. 1st Street Suite 4311
Los Angeles, CA 90012 -2565

CV

